1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL E. ASHBY,

                Petitioner,

      v.

ALICE PAYNE,

                Respondent.

Case No.  C05-5416FDB

REPORT AND
RECOMMENDATION

Noted for **February 10, 2006**

     This matter has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4.   Petitioner is seeking a federal writ of habeas corpus to challenge the Pierce County Jail's certification of 306 days of jail time, without any days of good conduct time when he was transferred to the custody of the Washington State Department of Corrections.

### FACTUAL AND PROCEDURAL BACKGROUND

     Mr. Ashby was admitted to the Washington Department of Corrections on January 8, 1991, following a Pierce County conviction by jury verdict of Murder in the Second Degree. Mr. Ashby was sentenced to 438 months confinement. Id. at 4.  When he was transferred from the county jail to the custody of the Washington State Department of Corrections, the Pierce County Jail certified 306 days of

REPORT AND RECOMMENDATION
Page - 1

jail time and zero (0) days of jail good conduct time.  The certification states that the earned early release time "has been computed in accordance with procedures developed and promulgated by the Pierce County Sheriff's Correction and Detention Center, who has jurisdiction in this matter. (RCW 9.92.151)." Accordingly, the Department of Corrections credited Mr. Ashby's sentence with 306 days of jail time and zero (O) days of jail good conduct time.

In his petition for writ of habeas corpus filed with this court on or about May 20, 2005, petitioner raises the following five issues:

1.  It is a violation of equal protection of law under the Fifth and Fourteenth Amendment to the United States Constitution and Article 1 § 12 of the Washington State Constitution for the Pierce County Jail to deny Mr. Ashby earned good time jail time credit against his sentence for the time served in the county jail prior to trial, sentencing and transfer to DOC custody.

2.  It is a violation of due process of law under both Fifth and Fourteenth Amendment to the United States Constitution and Article 1, §§ 3 and 12 of the Washington State Constitution for the Pierce County Jail to deny Mr. Ashby earned good time jail time credits on the time served in the county jail while awaiting trial, sentencing, and transfer to DOC custody.

3.  The award for the State/County for attorney's fees in this case is clearly contrary to clearly established federal law as determined by the United States Supreme Court.

After reviewing the petition, respondent's answer to the petition and the relevant state court record, this court recommends that the Court deny the petition for writ of habeas corpus.

## EVIDENTIARY HEARING NOT REQUIRED

In its Order Directing Service and Response, the court directed respondent to state whether or not an evidentiary hearing was necessary.  The function of an evidentiary hearing is to try issues of fact; such a hearing is unnecessary when only issues of law are raised.  See, e.g., Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963). The undersigned judge concludes that there are no relevant factual disputes to resolve in order for the Court to render its decision in this case.  Accordingly, an evidentiary hearing was not conducted.

## DISCUSSION

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a)(1995).  The Supreme court has stated many times that federal habeas corpus relief does not lie for mere errors of state

1  law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire,
2  502 U.S. 62 (1991).

3      A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in
4  the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an
5  unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2)
6  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence
7  presented to the state courts.  28 U.S.C. §2254(d).   Further, a determination of a factual issue by a state
8  court shall be presumed correct, and the applicant has the burden of rebutting the presumption of
9  correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

10     Before granting relief, the district court must first determine whether the state court decision was
11 erroneous.  Van Tran v. Lindsey, 212 F.3d 1143, 1155 (9th Cir. 2000), cert. denied, 121 5. Ct. 340 (2000).
12 The district court must then determine whether the state court decision involved an unreasonable
13 application of clearly established federal law.  Id.  The district court may grant habeas relief only if it finds
14 the state court decision was unreasonable.  Van Tran, 212 F.3d at 1153; Weighall v. Middle, 215 F.3d
15 1058, 1063 (9th Cir. 2000).

16     The issue of whether or not Mr. Ashby was entitled to any credit for good conduct time while he
17 was incarcerated at the Pierce County Jail was raised by petitioner in a Personal Restraint Petition filed
18 with the Washington State Court of Appeals, which issued its opinion on the matter on June 17, 2004.  In
19 its entirety, the state court wrote:

20      Michael E. Ashby seeks relief from personal restraint imposed following his 1990
        conviction of second-degree murder.  He claims that his restraint is unlawful because the
21      Department of Corrections has not credited him with earned early release time he accrued
        while in the Pierce County Jail.
22
        The Department credited Ashby with 306 days of pre-incarceration time but with 0 days of
23      earned early release time.  It did this based on the Pierce County Jail certification that
        indicated the same. Pierce County has responded that the jail has a 6-year document
24      retention policy and thus any records that would show why it did not give Ashby early
        release time have been destroyed.  Thus, no records before this court show that Ashby was
25      entitled to earned early release time.

26      Ashby responds that it is not his duty to explain, that he had no disciplinary problems in
        Pierce County Jail, and that he is entitled to the full one-third allowable under RCW
27      9.94A.150.  Pierce County argues that his claim is time-barred under RCW 10.73.090,
        which provides:
28
            No petition or motion for collateral attack on a judgment and sentence in a

criminal case may be file more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

But this provision does not apply here as Ashby is not attacking his judgment and sentence. RCW 9.94A.150(1) specifically divides authority to grant good time between the county jails and the Department. While an offender is confined in the county jail, his early release time is determined in 'accordance with procedures. . . developed and promulgated' by the jail. When the offender is confined by the Department, his early release time is determined in 'accordance with procedures. . . developed and promulgated' by the Department. If an offender is transferred from the jurisdiction of the county jail to the Department, the Department receives a certification from the county jail regarding the award of good time to that offender. *In re Williams*, 121 Wn.2d 655, 660-61. 853 P.2d 444 (1993)(quoting RCW 9.94A.150(1)). The Department is entitled to give legal effect to the certification provided by the county jail unless it is based on an apparent or manifest error of law. *Williams*, 121 Wn.2d at 666.

Ashby does not claim, nor show, that the certification has an apparent or manifest error of law. And, despite, Ashby's claim otherwise, pre-detention inmates are not entitled to the statutory maximum one-third early release time. The discrepancy between Department and jail early release time policies does not violate due process or double jeopardy. *See Personal Restraint of Fogle*, 128 Wn.2d 56, 65, 904 P.2d 722 (1995)(approving disparate jail policies and discussing *In re Mota*, 114 Wn.2d 465, 473, 788 P.2d 538 (1990)).

Also despite Ashby's claim otherwise, he had a duty to act with due diligence in bringing his claim. Here he waited, without explanation, for 10 years before challenging the jail certification. Had he diligently made this claim, the County could have produced the records and defended against his challenge. *Cf. City of Tacoma v. Bishop*, 82 Wn.App. 850, 858-859, 920 P.2d 214 (1996)(waiver of right to counsel).

Finally, Ashby has failed to show that the jail certification was incorrect. Unlike at trial, the burden of proof is on the petitioner to demonstrate that an error has been made. *State v. Kitchen*, 110 Wn.2d 403, 413 756 P.2d 105 (1988). Accordingly, it is hereby

ORDERED that petitioner's motion to strike the prosecutor's response is denied. It is further

ORDERED that this petition is dismissed under RAP 16.11(b).

Exhibit 12 at 1-3.   Denying petitioner's request for discretionary review, the Washington State Supreme Court agreed with the lower court's opinion, holding as follows:

The Acting Chief Judge committed no error meriting this court's review. The Pierce County Jail destroys its records after six years, so there is now no record of the reason or reasons it denied Mr. Ashby's early release credits. Mr. Ashby, therefore, cannot now show that the Jail erroneously refused to award him credit. The Department may rely on a jail certification containing no apparent or manifest error of law. [Citation omitted]. Since the certification in this case contains no such error, the Department is not obligated to credit Mr. Ashby with jail early release time.

Exhibit 16 at 1-2.

Here, the Court should dismiss the petition because petitioner's claims were earlier adjudicated on

the merits in State court proceedings and the State court decision was not contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor did the State court decision result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Rule 9(a) of the Federal Rules Governing § 2254 Cases provides, "A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delaying its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Rule 9(a) is "intended to minimize abuse of the writ of habeas corpus by limiting the right to assert stale claims. . ." Advisory Committee Note to Rule 9.

Under Rule 9(a), the habeas court may dismiss a petition upon a showing that: 1) The state has been prejudiced in its ability to respond to the petition; 2) the prejudice was a result of the petitioner's delay in presenting the claim; and 3) the petitioner has not acted with reasonable diligence as a matter of law. Harris v. Vasquez, 949 F.2d 1497, 1510-11 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 1275 (1992); Harris v. Pulley, 885 F.2d 1354, 1366 (9th Cir. 1988), *cert. denied*, 493 U.S. 151 (1990). The Respondent carries the initial burden of making a particularized showing of prejudice by demonstrating that the petitioner's delay has effectively foreclosed the State's ability to respond to the petitioner's allegations. Harris, *supra*. The burden then shifts to the petitioner to show that either 1) The State has not been prejudiced in its ability to respond, or 2) the delayed petition is based upon grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence. Id. A determination of whether the petitioner has exercised reasonable diligence focuses on the reasonableness of the petitioner's behavior under the circumstances of the case. Id..

As noted by the Washington State Supreme Court, the Pierce County Jail issued his jail certification six years prior to Mr. Ashby pursuit of his claim and filing of his personal restraint petition, which was filed on or about October 20, 2003. Mr. Ashby could have obtained the information on his jail certification at any time by making a request to the records department at his institution. At the time he pursued his claim, the Pierce County Prosecuting Attorney's Office was unable to respond to the basis for denial of Mr. Ashby's jail "good time" because all jail records are destroyed, as noted by the Washington State Supreme

Court.  As a result, the State is unable to demonstrate or determine why Mr. Ashby was denied jail "good time."  Petitioner does not show or allege any contrary facts showing the state has not been prejudiced, and the court finds Mr. Ashby failed to act with reasonable diligence in this matter.

Accordingly, the state court's decisions on this matter are not contrary to, nor do they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor did the State court decisions result in an unreasonable determination of the facts in light of the evidence presented in the State court proceeding in this matter  Mr. Ashby's petition should be denied.

## **CONCLUSION**

Based on the foregoing discussion, the Court should deny the petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 10, 2006**, as noted in the caption.

DATED this 20th day of January, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge